# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEW MILANI GROUP, INC., a California corporation, | Case No. 2:14-CV-05045-AB (MRWx) |
| Plaintiff, | Hon. André Birotte, Jr. |
| vs. | |
| LEYLA RAZZAGHI, an individual, MANOUCHEHR KHOSHBIN, an individual, and KOSH MILANI ENTERPRISES, LLC, a California limited liability company.  DOES 1-5, PLANET BEAUTY, INC., a California corporation, and DOES 6-10, inclusive, | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER **DISCOVERY MATTER** |
| Defendants. | Complaint Filed:  June 27, 2014 Trial Date: August 18, 2015 |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Local Rule 79-5 and Paragraph 5 of the Court's Procedures and Schedules available at http://court.cacd.uscourts.gov/CACD/JudgeReq.nsf/2fb080863c88ab47882567c9007fa070/a32a312503489abe88257d31004c3f53?OpenDocument, the Court hereby enters the following Stipulated Protective Order:

### 1.    Purposes and Limitations

Discovery in this action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may

be warranted.  Accordingly, the parties have stipulated to the entry of, and have petitioned the Court to enter, the following Stipulated Protective Order.  In doing so, the parties have acknowledged that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

The parties have further acknowledged that this Stipulated Protective Order does not entitle them to file confidential information under seal.  Civil Local Rule 79-5 sets forth the procedures that must be followed when a party seeks permission from the court to file material under seal.  However, the standards a party must meet in connection with any such request are specified below.

## 2.      Good Cause Statement

The pleadings in this litigation (the "Litigation") raise the issues of (i) whether Defendants have infringed upon trademarks held by Plaintiff, (ii) whether Defendants have violated the terms of a prior settlement agreement related to the co-existing use of the parties' respective marks, (iii) whether the Plaintiff is entitled to recover the Defendants' alleged profits and/or Plaintiff's alleged losses suffered as a consequence of the Defendants' actions, and (iv) whether the Defendants have valid defenses to the Plaintiff's claim.  Resolution of these issues will more likely than not involve an analysis of marketing information, pricing and sales information, vendor/manufacturer information, identification of customers, sales transactions/business relationships with third parties, and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of  information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the

parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3.**  **Definitions**

**3.1.**  **Action:**  this pending federal law suit.

**3.2.**  **Challenging Party:**  a Party or Non-Party that challenges the designation of information or items under this Order.

**3.3.**  **"CONFIDENTIAL" Information or Items:**  information (regardless of how it is generated, stored or maintained) or tangible things that (i) a producing party uses in, or pertaining to, its business, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence, (ii) constitutes, reflects or discloses a "trade secret" as that term is defined in California Civil Code section 3426.1 or other confidential research, development, or commercial information within the scope of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, the disclosure of which the disclosing party reasonably believes could cause harm to the business operations of the disclosing party or provide an improper business or commercial advantage to others, or (iii) is protected by a right of privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy

**3.4.**  **"CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:**  extremely sensitive information the disclosure of which to another Party or Non-Party would create a substantial risk of

serious to the Producing Party.  Documents and information in one or more of the following categories shall qualify for this designation: (i) non-public technical information, including schematic diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, research notes and materials, technical reference materials, and other non-public technical descriptions and/or depictions of the relevant technology; (ii) non-public damage-related information (e.g., the number of products sold, total dollar value of sales products, and profit margins); (iii) non-public financial information; (iv) customer lists; (v) business and/or marketing plans; (vi) price lists and/or pricing information; (vii) license agreements; and (viii) information obtained from a Non-Party pursuant to a current Non-Disclosure Agreement ("NDA").

**3.5.   Counsel:**  Outside Counsel of Record and House Counsel (as well as their support staff).

**3.6.   Designating Party:**  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY".

**3.7.   Disclosure or Discovery Material:**  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**3.8.   Expert:**  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

/ / /

/ / /

**3.9. House Counsel:** attorneys who are employees of a party to this Action. "House Counsel" does not include Outside Counsel of Record or any other outside counsel.

**3.10. Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**3.11. Outside Counsel of Record:** attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, including support staff.

**3.12. Party:** any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**3.13. Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**3.14. Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**3.15. Protected Material:** any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYE ONLY".

**3.16. Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**4. Scope**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or

compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving arty as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

This Order does not govern the use of Protected Material at trial.  Any use of Protected Material at trial shall be governed by a separate order of the trial judge.

**5.     Duration**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6.     Designating Protected Material**

**6.1.     Exercise of Restraint and Care in Designating Material for Protection.**  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material,

documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on another Party) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**6.2.   Manner and Timing of Designations.**  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection  under this Order must be clearly so designated before, or at, the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"[1] (both, hereinafter a

---

[1] Documents and discovery responses that are produced with a comparable designation, such as "HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY," or other like variations are entitled to the same confidential treatment as those designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

"CONFIDENTIALITY legend"), as the case may be, to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY".  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions, a Designating Party shall, prior to the termination of the deposition, either (i) identify on the record all protected testimony and the level of protection being asserted, or, (ii) state on the record that it will provide its designations, if any, in writing within 21 days following the termination of the deposition, in which case the Parties shall treat the entirety of the deposition testimony as though it were designated CONFIDENTIAL –

ATTORNEYS' EYES ONLY.  In the event the Designating Party fails to notify the other Parties of its designations in writing within the 21-day period, the deposition shall be accorded the level of protection asserted by other Designating Parties, if any.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate CONFIDENTIALITY legend.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**6.3.    Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.4.    Courtesy Notice.**  Any Party who reasonably anticipates using Protected Material at a deposition, shall provide written notice to all other Parties sufficiently in advance of the deposition so that each Party may ensure that only authorized individuals are present when such Protected Material is disclosed or used.

**6.5.    Use of Exhibits/Deposition Pages With Protected Material to Be Separately Bound.**  The use of a document as an exhibit at a deposition shall not affect its designation.  Transcripts containing Designated Material shall bear a statement on the cover page noting that the transcript contains Protected Material and the pages containing Protected Material shall be

bound separately from the remaining portion of the deposition transcript. The Parties are jointly responsible for informing the court reporter of this requirement.

**7.      Challenging Confidentiality Designations**

**7.1      Timing of Challenges.**  At any time that is consistent with the Court's Scheduling Order, any Party or Non-Party may challenge a designation of confidentiality.

**7.2.      Meet and Confer.**  The Challenging Party shall initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party waives or withdraws the challenged confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.3.      No Obligation to Challenge.**  No party shall be obligated to challenge the propriety of any designation, and the failure to do so shall not preclude a subsequent challenge to the propriety of any such designation.

**8.      Access to and Use of Protected Material**

**8.1.      Basic Principles.**  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with

the provisions of section ___below (Final Disposition). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**8.2.** **Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.** Unless otherwise ordered by the Court or permitted in writing or on the record by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information in connection with the prosecution or defense of this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A (the "Acknowledgement");

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided (1) the deposing party requests that the witness sign the

Acknowledgement, and (2) the witness is not permitted to keep any confidential information unless he or she signs the Acknowledgment, unless otherwise agreed by the Designating Party or ordered by the court; and

(h)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

**8.3.   Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to those persons listed in Section 8.2., above, and no more than three the officers, directors, and employees (including House Counsel) of the Receiving Party to whom it is reasonably necessary to disclose the information in connection with the prosecution or defense for this Action;

**8.4.   No Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to In-House Experts.**  Without the express written consent of the Designating Party, no Party shall disclose Protected Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any expert who is employed by, or affiliated with, the Party.

**9.      Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must, unless lawfully prohibited from doing so:

(a)  promptly notify in writing the Designating Party which notice shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order, which notice shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

Nothing in this Section should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10.    Seeking Non-Party's Protected Material In This Action**

The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order and nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event a Party is required, by a valid discovery request, to  produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement

1    with a Non-Party;

2        (b)  promptly provide the Non-Party with a copy of this Stipulated Protective

3    Order, the relevant discovery request(s), and a reasonably specific description of

4    the information requested; and

5        (c)  make the information requested available for inspection by the Non-

6    Party, if requested.

7        If the Non-Party fails to seek a protective order from this court within 14

8    days of receiving the notice and accompanying information, the Receiving Party

9    may produce the Non-Party's confidential information responsive to the discovery

10   request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

11   not produce any information in its possession, custody or control that is subject to

12   the confidentiality agreement with the Non-Party before a determination by the

13   Court.  Absent a court order to the contrary, the Non-Party shall bear the burden

14   and expense of seeking protection in this court for its Protected Material.

15   **11.    Unauthorized Disclosure of Designated Material**

16       If a Receiving Party learns that, by inadvertence or otherwise, it has

17   disclosed  Protected Material to any person or in any circumstance not authorized

18   under this Stipulated Protective Order, the Receiving Party shall immediately (a)

19   notify in  writing the Designating Party of the unauthorized disclosure(s), (b) use its

20   best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform

21   the person or  persons to whom unauthorized disclosures were made of all the terms

22   of this Order, and (d) use reasonable efforts to have such person or persons execute

23   the Acknowledgment.

24   **12.    Inadvertent Production of Privileged Or Otherwise Protected**

25   **Material**

26       If a party at any time notifies any other Party that it inadvertently produced

27   documents, testimony, information, and/or things that are protected from disclosure

28

1  under the attorney-client privilege, work product doctrine, and/or any other

2  applicable privilege or immunity from disclosure, or the Receiving Party discovers

3  such inadvertent production, the inadvertent production shall not be deemed a

4  waiver of the applicable privilege or protection.  The Receiving Party shall

5  immediately return all copies of such documents, testimony, information and/or

6  things to the inadvertently producing Party and shall not use such items for any

7  purpose until further order of the Court.  In all events, such return must occur

8  within three (3) business days following receipt of notice or discovery of the

9  inadvertent production.  The return of any discovery item to the inadvertently

10  Producing Party shall not in any way preclude the Receiving Party from moving the

11  Court for a ruling that the document or thing was never privileged.

12       This provision is not intended to modify whatever procedure may be

13  established in an e-discovery order that provides for production without prior

14  privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

15       **13.    Filing Under Seal**

16       Any party desiring to file under seal any pleadings or other documents

17  containing its own "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS'

18  EYES ONLY" information for use in connection with a hearing or a motion shall

19  seek prior approval of the Court pursuant to Local Rule 79-5 by presenting to the

20  Court a written application and a proposed order, along with the document or

21  documents proposed to be filed under seal.

22       Any such application may not be based solely upon this protective order.

23  Rather, the application shall contain a separate showing of "good cause" as to each

24  category of document or type of information the movant seeks to file under seal.

25  Fed. R. Civ. Proc. 26(c); *Phillips ex. Rel. Estates of Byrd v. General Motors Corp.*,

26  307 F.3d 1206, 1212 (9th Cir. 2002).  In the event an application relates to a

27  dispositive motion, the application shall set forth facts sufficient to show that

28  "compelling reasons" support a filing under seal.  *See Kamakana v. City and*

1  *County of Honolulu*, 447 F.3d 1172, 1178-81 (9th Cir. 2006); *Foltz v. State Farm*
2  *Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).

3       If a party wishes to file under seal a pleading or other document containing
4  information that has been designated "CONFIDENTIAL" or "HIGHLY
5  CONFIDENTIAL – ATTORNEYS' EYES ONLY" by another party, the
6  submitting party shall give the designating party five calendar days' notice of its
7  intent to file.  If the Designating Party objects, it shall notify the submitting party
8  and the burden will then be on the Designating Party to file an application meeting
9  the standards set forth above within two court days.  In the event the Designating
10  Party fails to file such an application, the Designating Party shall be deemed to
11  have removed its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
12  ATTORNEYS' EYES ONLY" designation and the submitting party may file the
13  document or documents containing the material or information in question in the
14  public record.

15       No party shall file any pleadings or other documents containing Designated
16  Material they have requested the Court to file under seal until the Court acts on the
17  application to file under seal.

18      **14.  Final Disposition.**

19       Unless otherwise ordered or agreed in writing by the producing party, within
20  ninety (90) days after the final termination of this action, including any appeals,
21  each Receiving Party shall, at its option, destroy all Protected Material or return it
22  to the Producing Party.  As used in this section, "Protected Material" includes all
23  copies, abstracts, compilations, summaries or any other form of reproducing or
24  capturing any Protected Material.  Thereafter, the receiving party shall submit a
25  written certification to the Producing Party (and, if not the same person or entity, to
26  the Designating Party) by the 90-day deadline stating that all Protected Material
27  was returned or destroyed, as the case may be.

28      Notwithstanding anything else in this Stipulated Protective Order, Outside

Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material shall remain subject to this Stipulated Protective Order as set forth in Section 5 (Duration), above.

### 15.    Attorney Advice.

Nothing in this Stipulated Protective Order bars or otherwise restricts an attorney from rendering advice to his or her client with respect to this Action or from relying upon or generally referring to "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Disclosure or Discovery Material in rendering such advice; provided however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Order.

### 16.    Party's Own Information.

The restrictions on the use of Protected Material established by this Order are applicable only to Protected Material received by a Party from another Party or from a Non-Party.  A Party is free to do whatever it desires with its own Protected Material.

### 17.    Miscellaneous.

**17.1.  Right to Seek Further Relief.**  Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

**17.2.  Right to Assert Other Objections.**  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

1       **17.3   Use of Confidential Information at Trial.**   Absent any further

2   order of the Court, all information that has been designated "CONFIDENTIAL" or

3   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this order that is

4   referred to or disclosed during trial shall be presumptively available to all members

5   of the public.

6       **18.   Violation of Order.  Any violation of this Order may be punished**

7   **by any and all appropriate measures including, without limitation, contempt**

8   **proceedings and/or monetary sanctions.**

9       IT IS SO ORDERED.

10

11

12  Dated: December 17, 2014

                             _____

13                           Hon. Michael R. Wilner
                             U.S. Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Submitted By:

2  Thomas J. Borchard, Esq., SBN: 104008
   Janelle M. Dease, Esq., SBN: 226198
3  BORCHARD & CALLAHAN, APC
   25909 Pala, Suite 300
4  Mission Viejo, CA 92691
   Telephone: (949) 457-9505
5  Facsimile: (949) 457-1666

6  Attorneys for Defendants LEYLA RAZZAGHI,
   MANOUCHEHR KHOSHBIN,
7  KOSH MILANI ENTERPRISES, LLC,
   and PLANET BEAUTY, INC.

8

9               and

10

11 Jeffrey G. Sheldon (SBN 67516)
   jsheldon@leechtishman.com
12 Katherine M. Bond (SBN 236020)
   kbond@leechtishman.com
13 Leech Tishman Fuscaldo & Lampl
   100 Corson Street, Third Floor
14 Pasadena, CA 91103-3842
   Telephone:   626.796.4000
15 Facsimile:   626.795.6321

16 Attorneys for Plaintiff New Milani Group, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

---

**EXHIBIT A**

**AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order (the

"Order") that was entered by the United States District Court for the Central

District of California on _____ in the case of New Milani Group, Inc. v.

Razzaghi, et al., Case No. 2:14-CV-05045.  I agree to comply with and to be bound

by all the terms of the Order, and I understand and acknowledge that my failure to

comply could expose me to sanctions and punishment for contempt.  I further agree

to submit to the jurisdiction of the United States District Court for the Central

District of California for the purpose of enforcing this Order, even if such

enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Order.

City and State where sworn and signed: _____

Printed Name:        _____

Signature:        _____

Dated:        _____