Jeffrey G. Sheldon (SBN 67516)
jsheldon@leechtishman.com
Katherine M. Bond (SBN 263020)
kbond@leechtishman.com
**LEECH TISHMAN FUSCALDO & LAMPL**
100 East Corson Street, Third Floor
Pasadena, California 91103-3842
Telephone: (626) 796-4000
Facsimile: (626) 795-6321

*Attorneys for Plaintiff*
NEW MILANI GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW MILANI GROUP, INC., a California corporation,<br><br>Plaintiff,<br>v.<br><br>LEYLA RAZZAGHI, an individual, MANOUCHEHR KHOSHBIN, an individual, and KOSH MILANI ENTERPRISES, LLC, a California limited liability company. PLANET BEAUTY, INC., a California corporation.<br><br>Defendants. | Case No. 2:14-CV-5045-AB-MRW<br><br>Hon. Andre Birotte, Jr.<br><br>**FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Trial Date: August 25, 2015** |

Plaintiff New Milani Group, Inc., by its attorneys, Leech Tishman Fuscaldo and Lampl, alleges as follows:

## PRELIMINARY STATEMENT

This action arises from the breach of a settlement agreement between Plaintiff New Milani and Defendants Razzaghi, Khoshbin, and Kosh Milani, in which Defendants agreed to refrain from further infringing Plaintiff New Milani's federal trademark rights. Defendants violated the restrictions in the agreement, were put on notice of the violations and failed to remedy the violations. Defendants' continued

blatant disregard for the settlement agreement demonstrates that it never intended to abide by the terms of the agreement and therefore fraudulently induced Plaintiff New Milani to enter into the agreement.

## JURISDICTION AND VENUE

1. The court has original jurisdiction of this action under 15 U.S.C. §§ 1119, 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and 2201 in that this case arises under the Trademark Laws of the United States, 15 U.S.C. § 1051, *et seq.*, seeks an order cancelling registrations, and seeks a declaration of rights. This court has supplemental jurisdiction over Plaintiff's non-federal claims under 28 U.S.C. § 1367 in that those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

2. Venue in this district is proper under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the within claims occurred in this judicial district.

## THE PARTIES

3. Plaintiff New Milani Group, Inc. ("New Milani" or "Plaintiff") is a California corporation, with a principal place of business at 2111 East 49th Street, Los Angeles, California 90058, and is the owner of the registered mark "MILANI" ("MILANI Mark") as described herein.

4. Defendant Kosh Milani Enterprises, LLC ("Kosh Milani") is, on information and belief, a California limited liability company with a place of business at 18071 Fitch, Suite 150, Irvine, California 92614. Kosh Milani advertises and sells beauty products under the names MILANI HAIR and LEYLA MILANI which infringe Plaintiff's federally registered mark.

5. Defendant Leyla Razzaghi ("Razzaghi") is, on information and belief, a California resident with a principal place of business at 8950 West Olympic Blvd., Suite 105-166, Beverly Hills, California 90211.

6. Defendant Manouchehr Khoshbin ("Khoshbin") is, on information and belief, a California resident with a principal place of business at 8950 West Olympic Blvd., Suite 105-166, Beverly Hills, California 90211.

7. Razzaghi and Khoshbin were co-owners of the registered term MILANI HAIR and signatories to the settlement agreement described herein. On information and belief, Razzaghi and Khoshbin are employed or otherwise affiliated with Kosh Milani and acted on behalf of and/or in concert with Kosh Milani in the acts complained of herein.

8. Defendant Planet Beauty, Inc., ("Planet Beauty") is, on information and belief a California corporation with a place of business at 3199-A Red Hill Avenue, Costa Mesa, California, 92626. Planet Beauty advertises and sells beauty products under the names MILANI HAIR and LEYLA MILANI, which infringe Plaintiff's registered mark.

9. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants participated in and is in some manner responsible for the acts described in this Complaint and any damages resulting therefrom.

10. Plaintiff is informed and believes, and on that basis alleges, that each of Razzaghi, Khoshbin, Kosh Milani, Planet Beauty, have acted in concert and participation with each other concerning the claims in this Complaint.

11. Plaintiff is informed and believes, and on that basis alleges, that each of Razzaghi, Khoshbin, and Kosh Milani, was empowered to act as the agent, servant and/or employees of each other, and that all the acts alleged to have been done by each of them were authorized, approved and/or ratified by each of them.

## THE PLAINTIFF'S TRADEMARK

12. Less than two years ago, on October 18, 2012 , Plaintiff New Milani entered into a written confidential settlement agreement with Defendants Razzaghi, Khoshbin, and Kosh Milani ( the "Settlement Agreement") to settle

claims arising out of a complaint filed by New Milani in the United States District Court for the Central District, namely Civil Complaint No. 2:12 –cv-06283-ABC-MRW. Because the Settlement Agreement is confidential, a copy is not provided with this complaint.

13. Plaintiff New Milani is the owner of the federally registered trademark MILANI, the subject of U.S. Trademark Registration No. 3,641,687 (“the “‘687 Registration”). A true and correct copy of the registration is attached as Exhibit “A”. The ‘687 registration was issued by the United States Patent and Trademark Office (“PTO”) on June 23, 2009 for use in connection with cosmetics.

14. New Milani or its predecessors commenced using the MILANI Mark in commerce in the United States at least as early as January 28, 1993 in connection with the sale and offer for sale of cosmetics. New Milani and/or its predecessors has used the MILANI Mark in connection with such goods continuously from the time it adopted it until the present.

15. Presently, MILANI-brand cosmetics can be found in over 18,000 retail outlets in the United States, including Sears®, Walgreens®, CVS®, Fred Meyers®, Meijer®, HEB®, Duane Reade®, Wal-Mart® and K-Mart®. MILANI-brand products are also available through internet retailers such as drugstore.com and cherryculture.com.

16. At all times relevant to the acts complained of herein, New Milani has used the MILANI Mark to identify its goods and to distinguish them from the goods and services made and sold or offered by others by, among other things, prominently displaying the mark on its products, on its internet website and on advertising materials promoting its goods. Since shortly after the date of registration, New Milani has given notice that the Mark is registered in the USPTO by displaying the Mark as used with the letter R enclosed within a circle.

17. The presence of the MILANI Mark on New Milani's goods, on its website and on advertising for New Milani's goods indicates to the public that goods and services provided under the MILANI Mark originate with, or are provided by, New Milani. Thus, the consuming public has come to associate the MILANI Mark with cosmetics of high quality. As a consequence of all of the foregoing, the MILANI Mark has attained considerable value and the goodwill associated with it represents a valuable business asset.

## DEFENDANTS' INFRINGING ACTIVITIES

18. Defendants Razzaghi and Khoshbin were co-owners of the term MILANI HAIR, subject of U.S. Trademark Registration No. 3,776,568 (the "'568 registration"), but only on the Supplemental Register, not on the Principal Register. As such, it was not published for opposition by Plaintiff which would have been the case if the application to register had been accepted for registration on the Principal Register. A true and correct copy of the registration is attached as Exhibit "B" hereto. The '568 registration was issued by the PTO on April 13, 2010 for use in connection with hair extensions. According to the MILANI HAIR registration, the MILANI HAIR name was first used no earlier than February 1, 2010. The '568 registration specifically disclaims the word "HAIR."

19. On August 31, 2012, Defendants Razzaghi and Khoshbin assigned the '568 Registration to Defendant Kosh Milani.

20. New Milani is informed and believes, and based thereon it alleges that the Defendants are offering to provide, and are providing, in the United States and in this judicial district, goods that are closely related to New Milani's goods, and that the Defendants are using words and symbols in connection with those goods that are identical to the MILANI Mark. Specifically, the Defendants' goods consist of beauty products, including hair extensions, products and accessories.

21. The Defendants' goods are offered and sold under the MILANI HAIR name. A true and correct copy of a screenshot taken from the Defendants' internet website is attached as Exhibit "C".

22. Actual confusion exists as to the difference between Plaintiff's New Milani and Defendant Kosh Milani's marks. Among other things, Defendants' mark was erroneously listed in place of Plaintiff's in a brochure for a trade show in Las Vegas, Nevada.

23. Defendant Kosh Milani was put on notice of its infringing activity by letter on June 19, 2012. Rather than ceasing infringement, Defendant Kosh Milani continued its infringing activities oppressively, fraudulently, willfully and maliciously, with a conscious disregard of New Milani's rights and with a desire to injure New Milani's business and to improve its own.

24. New Milani was left with no other options but to file a complaint for trademark infringement and unfair competition, among other claims.

25. After the complaint was filed Defendants Razzaghi, Khoshbin and Kosh Milani decided to settle Plaintiff New Milani's claims by entering into the Settlement Agreement. The spirit of the Settlement Agreement was to prevent future instances of consumer confusion by setting boundaries. The Settlement Agreement also contains a notice provision if there is a breach of the agreement as well as a cure period.

26. Defendants' actions complained of herein were committed fraudulent, oppressively and maliciously.

## **DEFENDANT KOSH MILANI'S VIOLATIONS OF SETTLEMENT AGREEMENT**

27. Despite Defendants' promise that it would abide by the terms in the Settlement Agreement, it has failed to do so and has violated nearly every obligation it has in the Settlement Agreement.

28. Less than 3 months after the Settlement Agreement was signed, on January 11, 2013, Plaintiff New Milani sent a letter to Defendant Kosh Milani for not complying with the Settlement Agreement.

29. The following month, on or about February 2013, Plaintiff New Milani discovered an anticipated violation of the Settlement Agreement.

30. Again, Plaintiff New Milani sent a letter notifying Kosh Milani of the anticipated violation of the terms in the Settlement Agreement and an actual violation of the Settlement Agreement.

31. On April 10, 2014, Plaintiff New Milani sent a detailed letter to Defendant Kosh Milani and its attorneys as indicated in the Notice provision of the Settlement Agreement. Kosh Milani failed to cure its breaches.

## LEYLA MILANI NAME

32. On information and belief, at some point during the parties discussions regarding breach of the Settlement Agreement, Kosh Milani adopted and began using the name LEYLA MILANI in its promotional materials and on its product packaging.

33. On or about August 20, 2014, Defendant Kosh Milani filed U.S. Trademark Application Serial No. 86/372,322 (the "'322 Application") seeking to register the word mark LEYLA MILANI for use in connection with hair accessories.

34. On or about June 2, 2014, Defendant Kosh Milani filed U.S. Trademark Application Serial No. 86/298,001 (the "'001 Application") seeking to register the word mark LEYLA MILANI for use in connection with hair care preparations in international class 3 among other classes.

35. The LEYLA MILANI name is confusingly similar to and includes the entirety of the MIALNI Mark. Both the '322 Application and '001 Application published for opposition on February 10, 2015. Plaintiff has filed a ninety day extension to oppose the registration of the applications.

36. Defendant Plant Beauty operates both an online internet retail store, as well as a chain of brick and mortar retail stores, that offer for sale and sell the Kosh Milani goods. A true and correct copy of screenshots taken from Defendant Planet Beauty's internet retail store is attached as Exhibit "D".

37. Defendant Kosh Milani's pattern of behavior demonstrates bad faith, an unwillingness to abide by its contractual promises and a complete disregard for the law.

**FIRST CLAIM FOR RELIEF**

**(Against Defendants Kosh Milani, Leyla Razzaghi, and Manouchehr Khoshbin for Breach of Settlement Agreement)**

38. Plaintiff New Milani incorporates, repeats and realleges paragraphs 1 - 37 above, as if set forth fully herein.

39. Plaintiff New Milani has performed or substantially performed all conditions and covenants required on its part to be performed in accordance with the terms and conditions of the Settlement Agreement.

40. As alleged above, Defendants Razzaghi, Khoshbin, and Kosh Milani have failed and refused, and continue to fail and refuse to perform pursuant to the terms of the Settlement Agreement.

41. As a direct and proximate cause of Defendants' breaches, Plaintiff New Milani has been damaged in an amount currently unascertained but accordingly to be proven at trial.

42. Moreover, by operation of law, the Settlement Agreement contains an implied covenant of good faith and fair dealing requiring the parties thereto not to do anything that will deprive the other party of the benefits of the Settlement Agreement. In acting in the manner alleged above, Defendants Razzaghi, Khoshbin, and Kosh Milani, also violated the implied covenant of good faith and fair dealing.

## SECOND CLAIM FOR RELIEF

**(Against Defendants Kosh Milani, Leyla Razzaghi, and Manouchehr Khoshbin for Rescission and Restitution)**

43. Plaintiff New Milani incorporates, repeats and realleges paragraphs 1 - 37, above, as if set forth fully herein.

44. Consent to the Settlement Agreement was not real or free in that it was obtained solely through fraud and misrepresentations as herein alleged. Thus, Plaintiff New Milani seeks to rescind the Settlement Agreement under California Civil Code 1689(b)(1). Plaintiff New Milani has received no consideration provided by Defendants Razzaghi, Khoshibin, and Kosh Milani that can be tendered back to Defendants prior to rescission.

45. At various times, since the Settlement Agreement was executed Defendants Razzaghi, Khoshbin, and Kosh Milani suppressed and concealed certain material facts.

46. More specifically Defendants Razzaghi, Khoshbin, and Kosh Milani knew they never intended to abide by the terms of the Settlement Agreement.

47. Defendants Razzaghi, Khoshbin, and Kosh Milani suppressed and concealed material facts with the intent to induce reliance and to defraud Plaintiff New Milani into abiding by the terms of the Settlement Agreement yet receiving no benefit from the agreement.

48. Until learning of the multiple breaches, Plaintiff New Milani was unaware of these material facts.

49. These material misrepresentations were intentionally made to induce reliance on the part of Plaintiff New Milani to release its claims against the Defendants Razzaghi, Khoshbin, and Kosh Milani.

50. When Defendants Razzaghi, Khoshbin, and Kosh Milani made these material misrepresentations they knew them to be false and made them

with the intent to induce reliance and to defraud New Milani into entering the Settlement Agreement.

51. At the time these representations were made, Plaintiff New Milani was ignorant of the falsity of the representations and believed them to be true.

52. Plaintiff New Milani's reliance on the statements was justified as they were unaware of the true facts.

53. As a result of Defendants Razzaghi, Khoshbin, and Kosh Milani, intentionally making false affirmative misrepresentations, and fraudulently suppressing and concealing the above described material facts Plaintiff New Milani has suffered and continues to suffer damages, in an amount currently unascertained but according to proof at trial.

54. The aforementioned conduct of Defendant Kosh Milani constitutes fraud, deceit, suppression, and/or concealment of material facts known to them, with the intent on the part of Defendant Kosh Milani of inducing reliance and thereby depriving Plaintiff New Milani of property and/or legal rights or otherwise causing injury and was despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of the Plaintiff's rights so as to justify an award of exemplary and punitive damages.

## **THIRD CLAIM FOR RELIEF**

**(Against All Defendants for Trademark Infringement,**
**15 U.S.C. § 1114(1))**

55. New Milani incorporates, repeats and realleges paragraphs 1 - 37 above, as if set forth fully herein.

56. The MILANI Mark is owned by New Milani and New Milani has continuously used that mark in commerce since at least as early as September 2004. New Milani has never authorized nor consented to the Defendants' use of

any term which is the same as, is confusingly similar to, or constitutes a colorable imitation of, the MILANI Mark in commerce in connection with their products or services.

57. Defendants' actions, as alleged above, are likely to cause confusion, mistake or deception in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

58. New Milani is informed and it believes and, based thereon it alleges that the Defendants' acts have been undertaken with full knowledge of New Milani's rights in and to the MILANI Mark and with the willful and deliberate intent to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with the MILANI Mark.

59. By reason of Defendants' acts, as alleged herein, New Milani has suffered damage to its business, reputation and goodwill and Defendants have made profits and sales they would not have made but for Defendants' conduct.

60. Defendants' acts have caused and will continue to cause irreparable and immediate injury to New Milani for which New Milani has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing their unauthorized use of words and symbols that are confusingly similar to the MILANI Mark, these injuries will continue to occur.

**FOURTH CLAIM FOR RELIEF**

**(Against All Defendants for False Designation Of Origin, 15 U.S.C. § 1125(a))**

61. New Milani incorporates, repeats and realleges paragraphs 1 -37 above, as if set forth fully herein.

62. The MILANI Mark is owned by New Milani and New Milani has continuously used it in commerce for many years. New Milani has never

authorized or consented to the Defendants' use of the MILANI Mark or of any similar words or names in connection with their products or services.

63. Defendants' actions, as alleged above, are likely to cause confusion, mistake or deception as to the affiliation, connection or association of the Defendants with New Milani, or as to the origin, sponsorship or approval of Defendants' products or services by New Milani in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64. New Milani is informed and it believes and, based thereon it alleges that the Defendants' acts have been undertaken with full knowledge of New Milani's rights in and to the MILANI Mark and with the willful and deliberate intent to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with the mark.

65. By reason of Defendants' acts, as alleged herein, New Milani has suffered damage to its business, reputation and goodwill and Defendants have realized profits and sales they would not have made but for Defendants' conduct.

66. Defendants' acts have caused and will continue to cause irreparable and immediate injury to New Milani for which New Milani has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing their unauthorized use of words and symbols that are confusingly similar to the MILANI Mark, these injuries will continue to occur.

## FIFTH CLAIM FOR RELIEF

**(Against All Defendants for Dilution by Blurring,**
**15 U.S.C. § 1125(c))**

67. New Milani incorporates, repeats and realleges paragraphs 1- 37, 56-60 and 62-66 above, as if set forth fully herein.

/ / /

/ / /

68. By reason of its extensive advertising and sales of goods under the MILANI Mark, that mark has become famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

69. The MILANI Mark is inherently distinctive or, in the alternative, has acquired distinctiveness as a consequence of the long period of use by New Milani, which has been exclusive, and New Milani's extensive marketing and sales of goods under it.

70. The Defendants commenced use in commerce of MILANI HAIR and LEYLA MILANI after New Milani adopted and began using the MILANI Mark and after the mark had become famous.

71. Taking into consideration (i) the high degree of similarity between the Defendants' MILANI HAIR and LEYLA MIALNI names and New Milani's MILANI Mark, (ii) the high degree of distinctiveness of the MILANI Mark, (iii) the fact that New Milani and/or its predecessor has been making exclusive use of the MILANI Mark in connection with cosmetics for at least 19 years, (iv) the degree of consumer recognition of the MILANI Mark as a consequence of New Milani's extensive use and promotion of those mark over many years, and (v) the association in the minds of consumers between New Milani's MILANI Mark and the MILANI HAIR and LEYLA MILANI names, the Defendants' use of the MILANI HAIR and LEYLA MILANI names has caused or, in the alternative, is likely to cause dilution of the MILANI Mark.

72. As a consequence of the foregoing, New Milani is entitled to an injunction against the Defendants' continued use of MILANI HAIR and LEYLA MILANI.

/ / /

/ / /

/ / /

/ / /

**SIXTH CLAIM FOR RELIEF**

**(Against All Defendants for State Injury to Business Reputation and Dilution, Cal. Bus. & Prof. Code § 14247)**

73. New Milani incorporates, repeats and realleges paragraphs 1- 37, 56 -60, 62-66, and 68-72 above, as if set forth fully herein.

74. By reason of its extensive advertising and sales of goods under the MILANI Mark, the mark has become famous within the meaning of Section 14247(a) of the California Business and Professions code.

75. The MILANI Mark is inherently distinctive or, in the alternative, has acquired distinctiveness as a consequence of the long period of use by New Milani, which has been exclusive, and New Milani's extensive marketing and sales of goods under it.

76. The Defendants commenced use in commerce of their MILANI HAIR and LEYLA MILANI name safter New Milani adopted and began using the MILANI Mark and after the mark had become famous.

77. Taking into consideration (i) the high degree of similarity between the Defendants' MILANI HAIR and LEYLA MILANI names and New Milani's MILANI Mark, (ii) the high degree of distinctiveness of the MILANI Mark, (iii) the fact that New Milani has been making exclusive use of the MILANI Mark in connection with cosmetics for at least 19 years, (iv) the degree of consumer recognition of the MILANI Mark as a consequence of New Milani's extensive use and promotion of the MILANI Mark, and (v) the association in the minds of consumers between New Milani's MILANI Mark and the MILANI HAIR and LEYLA MILANI names, the Defendants' use of the MILANI HAIR and LEYLA MILANI names has caused or, in the alternative, is likely to cause dilution of the MILANI Mark.

/ / /

/ / /

78. As a consequence of the foregoing, New Milani is entitled to an injunction against the Defendants' continued use of MILANI HAIR and LEYLA MILANI.

## SEVENTH CLAIM FOR RELIEF

**(Against All Defendants for Common Law Trademark Infringement)**

79. New Milani repeats and re-alleges paragraphs 1- 37 and 56- 60, as though fully set forth in this paragraph.

80. By reason of Defendants' acts, as alleged herein, New Milani has suffered damage to its business, reputation and goodwill and Defendants have realized profits and sales they would not have made but for Defendants' conduct.

81. The above-described acts of Defendants constitute common law trademark and trade name infringement. Such acts have caused and will continue to cause irreparable and immediate injury to New Milani for which New Milani has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

82. On information and belief, the foregoing acts of the Defendants are oppressive, fraudulent, willful and malicious in that they have been undertaken with a conscious disregard of New Milani's rights and with a desire to injure New Milani's business and to improve their own.

## EIGHTH CLAIM FOR RELIEF

**(Against All Defendants for Unfair Competition, Cal. Bus. & Prof. Code § 17200)**

83. New Milani repeats and re-alleges paragraphs 1- 37, 56- 60, and 62- 66, as though fully set forth in this paragraph.

84. The above-described acts of Defendants constitute unfair competition within the meaning of California Business and Professions Code

Section 17200. Such acts have caused and will continue to cause irreparable and immediate injury to New Milani for which New Milani has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

## NINTH CLAIM FOR RELIEF

**(Against All Defendants for Common Law Unfair Competition)**

85. New Milani repeats and re-alleges paragraphs 1 -37, 56 - 60, 62 - 66, as though fully set forth in this paragraph.

86. By reason of Defendants' acts, as alleged herein, New Milani has suffered damage to its business, reputation and goodwill and the loss of profits and sales it would have made but for Defendants' conduct.

87. The above-described acts of Defendants constitute common law unfair competition in that Defendants are attempting to pass off its goods and services as those of New Milani. Such acts have caused and will continue to cause irreparable and immediate injury to New Milani for which New Milani has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

88. On information and belief, the foregoing acts of the Defendants are oppressive, fraudulent, willful and malicious in that they have been undertaken with a conscious disregard of New Milani's rights and with a desire to injure New Milani's business and to improve their own.

## TENTH CLAIM FOR RELIEF

**(Against Defendant Kosh Milani for Cancellation of U.S. Registration No. 3,776,568, 15 U.S.C. §§ 1064 and 1119)**

89. New Milani incorporates, repeats and realleges paragraphs 1-37, 56-60, 62-66, 68-72, 80-82 and 84 above, as if set forth fully herein.

90. Defendant Kosh Milani claims ownership of the ‘568 registration for MILANI HAIR.

91. By reason of Defendants’ acts, as alleged herein, New Milani has suffered damage to its business, reputation and goodwill and Defendants have realized profits and sales they would not have made but for Defendants’ infringement.

92. On information and belief, the foregoing acts of the Defendants are oppressive, fraudulent, willful and malicious in that they have been undertaken with a conscious disregard of New Milani’s rights and with a desire to injure New Milani’s business and to improve their own.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For an order permanently enjoining the Defendants, their officers, agents, employees, and those acting in concert or conspiracy with them from:

a. Using any brand or designation that makes use of the term MILANI or any permutation of that term, whether alone or in combination with other words, characters or symbols in connection with the sale, offer for sale, promotion or advertising of any products and/or services that are the same as, or are related to, New Milani’s goods;

b. Instructing or directing any third parties to prepare print advertising, flyers, containers, labels or packaging bearing the term MILANI or any permutation of that term, whether alone or in combination with other words, characters or symbols for use in connection with the sale, offer for sale, promotion or advertising of any products and/or services that are the same as, or are related to, New Milani’s goods;

c. Imitating, copying, making unauthorized use of, or otherwise infringing, Plaintiff’s rights in and to the MILANI mark;

2. For an order directing the Defendants to deliver up for destruction all products, labels, boxes, signs, prints, packages, wrappers, and artwork in their possession, or under their control, bearing or intended to bear the term MILANI or any permutation of that term, whether alone or in combination with other words, characters or symbols;

3. For an order pursuant to 15 U.S.C. § 1125(c)(1) permanently enjoining Defendants and their officers, agents, employees, and all those acting in concert or conspiracy with them from making use of the MILANI HAIR or LEYLA MILANI names or any other term that contains the term MILANI or any phonetic equivalent of that mark in connection with the sale of hair and beauty products or cosmetics;

4. For an order cancelling Kosh Milani's '568 Registration, and directing the Director of the United States Patent and Trademark Office to remove such registration from the Register;

5. For an order rescinding the Settlement Agreement;

6. For a monetary award in favor of New Milani in an amount equal to (i) New Milani's actual damages and (ii) to the extent not included in actual damages, the Defendants' profits arising from the acts alleged above, such damages and profits to be trebled under 15 U.S.C. § 1117(a);

7. For a finding that this is an exceptional case within the meaning of, and for an award of attorneys' fees pursuant to, 15 U.S.C. § 1117(a);

8. For a finding that the Defendants' acts of infringement were willful within the meaning of 15 U.S.C. § 1117(c)(2);

9. For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law;

10. For a finding that the Defendants' acts were undertaken intentionally, maliciously and/or with a reckless and wanton disregard of Plaintiff's rights and for an award of exemplary damages pursuant to California Civil Code section 3295 in an

amount sufficient to punish, deter, and make an example of Defendants for the acts complained of herein;

11. For an award of costs under 15 U.S.C. § 1117(a), or as otherwise provided by law;

12. For cancellation of U.S. Registration No. 3,776,568;

13. For exemplary and punitive damages; and

14. For such other and further relief as the Court deems just and proper.

Dated: February 27, 2015 LEECH TISHMAN FUSCALDO & LAMPL

By: /s/ Katherine M. Bond
Katherine M. Bond
Jeffrey G. Sheldon

*Attorneys for Plaintiff*
NEW MILANI GROUP, INC.

**REQUEST FOR JURY TRIAL**

Plaintiff requests trial by jury on all issues so triable.

Dated: February 27, 2015 LEECH TISHMAN FUSCALDO & LAMPL

By: /s/ Katherine M. Bond
Katherine M. Bond
Jeffrey G. Sheldon

*Attorneys for Plaintiff*
NEW MILANI GROUP, INC.